UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB DAVID WOOLERY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC MAGRINI, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-01687-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff is a county inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     On September 16, 2021, the court received plaintiff's complaint against the Shasta County Sheriff, Eric Magrini, as well as three jail officials at the Shasta County Jail, challenging his conditions of confinement while housed in administrative segregation due to the presence of mentally ill inmates who spread their feces throughout the housing unit.  ECF No. 1.  While the allegations in the complaint are based on events that occurred on or after August 5, 2021, plaintiff filed another civil complaint raising the same challenge to his conditions of confinement that commenced on February 4, 2021 and thereafter.  See Woolery v. Magrini, et al., Case No. 2:21-cv-01232-WBS-EFB (E.D. Cal.), ECF No. 1 at 9 (asserting claims that arose between February 4, 2021 and April 22, 2021).  The challenge to plaintiff's conditions of confinement in

administrative segregation at the Shasta County Jail appear to the court to be an ongoing alleged violation of plaintiff's Eighth Amendment rights to health and safety.[1] See Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Therefore, the allegations against the four defendants in this case are duplicative of those raised in Woolery v. Magrini, et al., Case No. 2:21-cv-01232-WBS-EFB, in which the same four defendants are being sued for the same claim.

Plaintiff does not have the right to file two separate actions "involving the same subject matter at the same time in the same court and against the same defendant." Adams v. Cal. Dep't of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). In order to determine whether a second action is duplicative of an earlier-filed action, the court must "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 688-89 (citations omitted).

After reviewing the complaints filed by plaintiff in the two separate cases, the court finds that the causes of action and the requested relief are the same. The parties are also the same in the two separate civil actions. While the first civil suit involves an additional claim for relief and more defendants, it also involves a challenge to plaintiff's conditions of confinement against the four named defendants in the present case. In Woolery v. Magrini, et al., Case No. 2:21-cv-01232-WBS-EFB, plaintiff was granted leave to amend both his claims for relief, including the claim challenging his conditions of confinement. See ECF No. 6. Therefore, plaintiff still has the opportunity to file an amended complaint that includes the factual allegations from August 2021 that form the basis of the present case. For all these reasons, the undersigned concludes that this

---

[1] If plaintiff is a pretrial detainee, then the Fourteenth Amendment's due process standard applies to the challenge to the conditions of his confinement. "The more protective fourteenth amendment standard applies to conditions of confinement when detainees ... have not been convicted of a crime." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (internal quotations and citations omitted). The due process clause of the Fourteenth Amendment "requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jackson v. Indiana, 406 U.S. 715, 738 (1972).

case is duplicative of the earlier-filed civil rights action and should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied as moot.

2. The Clerk of Court shall randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that plaintiff's complaint be dismissed as duplicative of Woolery v. Magrini, et al., Case No. 2:21-cv-01232-WBS-EFB (E.D. Cal.).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 6, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wool1687.duplicative.docx